**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 07-CR-1014-LRR |
| vs. | **ORDER** |
| LINDA SUE KOOPMAN, | |
| Defendant. | |

_____

*TABLE OF CONTENTS*

*I.     INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *1*
*II.    PROCEDURAL HISTORY* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *1*
*III.   STANDARD OF REVIEW* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*
*IV.   THE MERITS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*
      *A.    Findings of Fact* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*
      *B.    Relevant Law* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*
      *C.    Analysis* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *3*
           *1.    Safety Risk* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *4*
           *2.    Flight Risk* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *4*
*V.    CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *5*

*I. INTRODUCTION*

The matter before the court is Defendant Linda Sue Koopman's Appeal of Magistrate's Detention Order ("Appeal") (docket no. 68), which appeals the Order for Pretrial Detention (docket no. 59) ("Detention Order").

*II. PROCEDURAL HISTORY*

On October 24, 2007, the grand jury returned a four-count Superceding Indictment against Defendant and her Co-Defendant, Corey Lidell Woodard. Defendant is charged in Count 4 of the Superceding Indictment with obstruction of justice, in violation of 18 U.S.C. §§ 2 and 1503.

On October 29, 2007, the Honorable United States Magistrate Judge Jon Stuart Scoles ("Magistrate Judge Scoles") issued an Order of Temporary Detention. On October 30, 2007, Magistrate Judge Scoles held a pre-trial detention hearing. The same day, Magistrate Judge Scoles issued the Detention Order. On November 9, 2007, Defendant timely filed the Appeal. The court finds the matter fully submitted and ready for review.

## II. STANDARD OF REVIEW

A United States magistrate judge possesses "the power to . . . issue orders pursuant to Section 3142 of title 18 concerning release or detention of persons pending trial . . . ." 28 U.S.C. § 636(a)(2). Federal Rule of Criminal Procedure 59 states the related rule that "[a] district judge may refer to a magistrate judge for determination any matter that does not dispose of a charge or offense. The magistrate judge must promptly conduct the required proceedings . . . ." Fed. R. Crim. P. 59(a). Thereafter, "[a] party may serve and file objections to the order . . . ." *Id*. "The district judge must consider timely objections . . . ." *Id*. Because Defendant has made timely and specific objections in this case, 28 U.S.C. § 636(a); Fed. R. Crim. P. 59(a), the following *de novo* review is required. *United States v. Maull*, 773 F.2d 1479, 1481 (8th Cir. 1985) (holding that challenges to magistrate judge's detention order require *de novo* review).

## III. THE MERITS

### A. Findings of Fact

After a *de novo* review of the record, the court adopts Magistrate Judge Scoles's findings of fact in the Detention Order.

### B. Relevant Law

The Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq.*, compels the court to detain criminal defendants prior to trial if the court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community. . . ." 18 U.S.C. § 3142(e). A determination that

2

a defendant poses a safety risk must be supported by clear and convincing evidence. *Id.* § 3142(f) ("The facts the judicial officer uses to support a finding pursuant to subsection (e) that no condition or combination of conditions with reasonably assure the safety of any other person and the community shall be supported by clear and convincing evidence."). As to the risk of flight, the Eighth Circuit Court of Appeals has found repeatedly that a preponderance of the evidence standard applies. *United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003); *United States v. Kisling*, 334 F.3d 734, 735 (8th Cir. 2003); *United States v. Orta*, 760 F.2d 887, 891 n.20 (8th Cir. 1985) (en banc). It is sufficient for a defendant either to be found a risk of danger to the safety of the community or a flight risk to authorize detention. *United States v. Cantu*, 935 F.2d 950, 952 (8th Cir. 1991) (quoting *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986)).

Subsection 3142(g) lists the factors the court must consider in making its detention determination, which are (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics, including (a) the defendant's "character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history and record concerning appearance at court proceedings," (b) whether the defendant, at the time of the alleged offense, was otherwise on probation, parole or other release; and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g)(1)-(4).

### C. Analysis

In the Appeal, Defendant propounds two arguments. First, there was insufficient evidence to support the finding that Defendant poses a risk to the safety of other persons in the community. Second, Defendant poses no risk of flight. After *de novo* review, the court shall deny the Appeal.

### 1. *Safety Risk*

The heart of Defendant's argument here is that the testimony of Officer Tom Pregler of the Dubuque Police Department ("Officer Pregler"), *i.e.*, Defendant had participated in two sales of crack cocaine within the thirty days immediately prior to the instant indictment, was insufficiently reliable to support a finding that Defendant posed a danger to the community. However, Defendant provides no reason to disbelieve Officer Pregler's testimony. Officer Pregler testified that tape-recorded conversations of a confidential informant's two controlled buys ("Recorded Conversations") reveal that Defendant negotiated the sale of crack cocaine, though delivery was accomplished by an associate. Defendant produced no evidence to rebut the testimony, and the court has no reason to disbelieve it. Of course, the distribution of narcotics constitutes a danger to the safety of the community for purposes of § 3142(e). *See Cantu*, 935 F.2d at 952 (noting that drug trafficking constitutes "'a serious danger to the community'") (quoting *Sazenski*, 806 F.2d at 848). Therefore, the court finds by clear and convincing evidence that Defendant poses a risk to the safety of the community, and the court shall deny the Appeal as to this issue.

### 2. *Flight Risk*

Defendant also appeals the Detention Order on the grounds that Defendant is not a flight risk because she has lived in northeast Iowa her entire life and has a dissolution pending in the Iowa District Court in Dubuque County. Although these facts underscore her "length of residence in the community" and "community ties," *see* 18 U.S.C. § 3142(g), Officer Pregler testified that Defendant stated in the Recorded Conversations that she was "going to leave" and "all she needed was money to leave." Coupled with Officer Pregler's testimony that Defendant admitted to assisting her Co-Defendant's flight from the district, the Recorded Conversations provide more than a sufficient basis for the court to find, by a preponderance of the evidence, that Defendant poses a risk of flight. *See United States v. Jacob*, 767 F.2d 505, 508 (8th Cir. 1985) (noting that statements suggesting ability

4

to flee supported finding of flight risk); *cf. Kisling*, 334 F.3d at 735 (noting that the defendant's history of flight in other proceedings supported finding of flight risk). Therefore, upon its *de novo* review, the court shall deny the appeal as to this issue as well.

## V. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED**:

    (1)    Defendant's Appeal (docket no. 68) is **DENIED**; and

    (2)    The period between the filing of Defendant's Motion and this Order is excluded from calculation under the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(F) (excluding delay resulting from the filing of any pretrial motion through the prompt disposition of the motion); 18 U.S.C. § 3161(h)(1)(J) (excluding "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court").

**IT IS SO ORDERED.**

**DATED** this 21st Day of November, 2007.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

5

Case 2:07-cr-01014-LRR   Document 74   Filed 11/21/07   Page 5 of 5